# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

RUTH TANENBAUM, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

MASON COMPANIES, INC.,

    Defendant.

CASE NO. 21-cv-751

(JURY TRIAL DEMANDED)

## CLASS ACTION COMPLAINT

Plaintiff Ruth Tanenbaum, individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## INTRODUCTION

1. Unsatisfied with traditional sales revenue alone, Defendant Mason Companies, Inc. ("Mason") sold and rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses (as well as age, gender, income, religion, age of children, and information pertaining to their purchase of products from one or more of Mason's companies (hereinafter, "Personally Identifying Transactional Data")) on the open market to anyone interested in purchasing them, including data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties. Prior to monetizing Plaintiff's and its other customers' Personally Identifying Transactional Data in this way, Mason did not ask for much less obtain consent from any of these individuals.

2. Documented evidence confirms these facts. For example, Mason, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), and during the time period

relevant to this action, sold and rented to various parties the mailing list titled "Mason Companies Enhanced Masterfile Mailing List", which contains the names, addresses, and other Personally Identifying Transactional Data of all individuals who purchased products from one or more of Mason's brands (including the types of products purchased), including Plaintiff (a Puerto Rico resident) and each of Mason's other customers (including those who reside in Puerto Rico), at a base price of "$105.00/M [per thousand]," (i.e., 10.5 cents apiece), as shown in pertinent part in the screenshot below from list broker NextMark, Inc.'s website:



See **Exhibit A** hereto.

3. Puerto Rico's Right of Publicity Act clearly prohibits what Mason has done. *See* 32 L.P.R. § 3151, *et seq.* (the "PRRPA"). Generally speaking, the PRRPA prohibits using a person's name or likeness on or in connection with a product, good, piece of merchandise, or a service without the person's prior consent. Mason directly violated the PRRPA by selling and

renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other Puerto Rico customers' names, addresses, and other Personally Identifying Transactional Data.

4. Mason's practices of monetizing its customers' names and likenesses for commercial purposes without their consent is not only unlawful, but also dangerous because it allows any member of the public willing to purchase or rent this data to target particular customers, including vulnerable members of society, using their identities, interests and other demographic data. For example, anyone could buy or rent a list that contains the names, addresses, and other Personally Identifying Transactional Data of all Christian women in Puerto Rico over the age of 60 who earn over $100,000 per year, have children over the age of 30, and purchased a pair of shoes from Mason in the past year. Such a list is available for sale or rental on the open market for approximately $173.00 per thousand customers listed.

5. So while Mason profits handsomely from the use of its customers' names, likenesses, and other personally identifying attributes in this way, it does so at the expense of its customers' statutory rights of publicity. Accordingly, Plaintiff brings this Class Action Complaint against Mason for its plainly unlawful use of its Puerto Rico customers' names and likenesses in reckless disregard of their statutorily protected rights under the PRRPA.

## PARTIES

6. Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of Puerto Rico. During the time period relevant to this action, Plaintiff purchased products from one or more of Mason's brands while residing in, a citizen of, and physically present in Puerto Rico.

7. Defendant Mason Companies, Inc. is a Wisconsin corporation that maintains its headquarters and principal place of business in Chippewa Falls, Wisconsin. Mason is a retail company that owns and operates several multi-channel brands, including without limitation B.A. Mason, Inc., ShoeMall, Stoneberry, Masseys, Mason Easy-Pay, K. Jordan, Maryland Square, Figi's Gallery, Auditions, Fifth & Glam, and Wissota Trader, each of which specializes in selling

shoe, apparel, electronics, and bedding products through websites and direct mail catalogs.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Mason.

9. The Court has personal jurisdiction over Mason because Mason maintains its corporate headquarters and principal place of business in Chippewa Falls, Wisconsin.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Mason is subject to personal jurisdiction in this judicial District, because Mason resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## THE PRRPA

11. The PRRPA prohibits any person from, *inter alia*, using an individual's name or likeness, in any manner, on or in a product, good, merchandise or service. Specifically, the PRRPA states, in pertinent part:

> Any natural or juridical person who uses another's likeness for commercial, trade, or advertising purposes without the previous consent of said person, the person who possesses a license for said likeness, his/her heirs if the person is deceased, or the authorized agent of any of the forgoing shall be liable for damages.

32 L.P.R. § 3152. The term "likeness" means a "[n]ame, photograph, portrait, voice, signature, attribute or any representation of a person through which an average observer or listener may identify the same, produced using any reproduction procedure or technique." 32 L.P.R. § 3152(c). "Commercial purpose" is defined as "[t]he use of a person's likeness in connection with an advertisement, offer, or sale of a product, merchandise, good or service in the market." 32 L.P.R. § 3152(h).

12. "The law provides for both injunctive relief and compensatory damages to a plaintiff who sues for misappropriation or violation of the right of publicity." 32 L.P.R. § 3153.

4

"In lieu of actual compensatory damages," a prevailing plaintiff may seek statutory damages of "an amount of no less than $750 and no greater than $20,000 per violation, as deemed to be fair by the court. Whenever a violation is determined to be deliberate or due to gross negligence, the court may freely increase the amount of statutory damages to a sum no greater than $100,000 per violation." *See id.*

## MASON DIRECTLY VIOLATES THE PRRPA

13. Mason maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personally identifying and highly sensitive Personally Identifying Transactional Data.

14. Mason, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on which all of its customers' names, addresses, and other Personally Identifying Transactional Data appear. Mason has sold and rented (and continues to sell and rent) these lists on the open market to anyone willing to pay for them, including on a regular basis to data miners, aggregators, appenders, and cooperatives, aggressive marketing companies, and others.

15. As a result of Mason's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from Mason on which Plaintiff's and the other Class members' names, addresses, and other Personally Identifying Transactional Data appear. Mason's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

16. Mason does not seek its customers' prior consent (written or otherwise) to any of these practices, and its customers remain unaware that their names, addresses, and other Personally Identifying Transactional Data (as well as various other categories of sensitive personally identifying information) are used by Mason on or in connection with the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

17. Mason uniformly fails to obtain consent from—or even provide effective notice to—its customers before engaging in the practices described herein.

18. By and through these actions, Mason has used Plaintiff's and all of its other Puerto Rico customers' names and likenesses, which have commercial value, on or in, or in connection with products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the PRRPA.

## CLASS ACTION ALLEGATIONS

19. Plaintiff seeks to represent a class comprised of and defined as follows:

> All Puerto Rico residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold or rented, or offered for sale or rental, by Mason (the "Class").

20. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the members of the Class number in the tens of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of Mason.

21. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. Legal and factual questions common to the Class include, but are not limited to: (a) whether the mailing lists that Mason sold on the open market to various third parties are "products, merchandise, or goods" within the meaning of the PRRPA, and whether its practices of renting access to such lists are "services" within the meaning of the PRRPA; (b) whether Mason used Plaintiff's and the Class members' "name[s]" or other personally identifying "attribute[s]" "in connection with . . . [the] sale of" such mailing lists or its list rental services; (c) whether Mason obtained "previous consent" from Plaintiff and the Class members to use their "name[s]" or other personally identifying "attribute[s]" in connection with the sale of such mailing lists or rental services; (d) whether Mason's practices of selling and renting such mailing lists violated the PRRPA; (e) whether Mason's violations of the PRRPA were knowing, "deliberate or carried out with malicious intent," or "due to gross

6

negligence"; and (f) the appropriate amount of damages to which Plaintiff and the Class members are entitled as a result of Mason's violations of the PRRPA.

22. The claims of Plaintiff are typical of the claims of the other members of the Class in that the named Plaintiff and the members of the Class were injured and sustained damages by Mason's uniform wrongful conduct, based upon Mason's practices of using Plaintiff's and Class members' names, likenesses, and other personally identifying attributes on or in connection with the mailing lists it sold (and its sales and rentals of such lists) to third parties on the open market.

23. Plaintiff is an adequate representative of the Class because none of the Plaintiff's interests conflict with the interests of the other members of the Class that she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

24. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Mason's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Mason's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

## CLAIM FOR RELIEF
### Violation of Puerto Rico's Right of Publicity Act, 32 L.P.R. § 3151, *et seq.*
### (By Plaintiff Individually and on Behalf of the Class)

25. Plaintiff repeats and incorporates herein the allegations in paragraphs 1-24 above.

26. Plaintiff brings this claim individually and on behalf of members of the above-defined Class against Mason.

27. Plaintiff is a natural person and therefore a "person" within the meaning of the PRRPA. *See* 32 L.P.R. § 3151(f).

28. Mason is a corporation and thus a "juridical person" within the meaning of the PRRPA. *See id.* & 32 L.P.R. § 3152.

29. Plaintiff, a Puerto Rico resident, purchased products from one or more of Mason's brands. Each member of the Class likewise resides in Puerto Rico and purchased products from one or more of Mason's brands.

30. At no time before or at the time Plaintiff purchased products from one or more of Mason's brands did Mason notify Plaintiff that it would use her name or other personally identifying attributes "in connection with . . . [the] sale of a product, merchandise, good, or service" by selling or renting mailing lists on which her name, address, and other Personally Identifying Transactional Data appeared, as well as by renting access to such lists. *See* 32 L.P.R. § 3152 & 32 L.P.R. § 3151(c), (h). Plaintiff has never consented to Mason using her name or other personally identifying attributes for commercial purposes in this way. *See id.* Mason likewise failed to notify any of its other customers, including the members of the Class, that it would use their names, addresses, and other Personally Identifying Transactional Data "in connection with . . . [the] sale of a product, merchandise, good, or service" by selling or renting mailing lists on which their names, addresses, and other Personally Identifying Transactional Data appeared. *See* 32 L.P.R. § 3152 & 32 L.P.R. § 3151(c), (h). And none of the members of the Class consented to Mason using their name or other personally identifying attributes for commercial purposes in this way. *See id.*

31. After Plaintiff purchased products from one or more of Mason's brands, and

during the relevant statutory period, Mason, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), knowingly, deliberately, and with reckless disregard for the PRRPA, sold and rented mailing lists containing Plaintiff's name, address, and other Personally Identifying Transactional Data to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining Plaintiff's consent or even giving her prior notice of its use of her name and other personally identifying attributes in this way. Likewise, during the statutory period relevant to this action, Mason knowingly, deliberately, and with reckless disregard for the PRRPA, sold and rented mailing lists containing the names, addresses, and other Personally Identifying Transactional Data of the members of the Class to various third parties, including to data aggregators, data appenders, data cooperatives, and others, without first obtaining consent to these practices from, or even providing prior notice to, any of these individuals.

32. "Ruth Tanenbaum," which Mason used on the mailing lists that it sold and rented and continues to sell, is the "name . . . through which an average observer or listener may identify" Plaintiff. 32 L.P.R. § 3151(c). Moreover, the other personally identifying information pertaining to Plaintiff that Mason included on the mailing lists that it sold and rented – including her address, age, gender, income, religion, age of children – also constituted, individually or collectively, "attribute[s] or . . . representation[s]" of Plaintiff "through which an average observer or listener may identify" Plaintiff. *See id.* Accordingly, by and through the actions alleged herein, Mason used Plaintiff's "likeness" within the meaning of the PRRPA. *See id.*

33. Significant commercial value exists in the aspects of Plaintiff's and the other Class members' likenesses that Mason used and continues to use in connection with its sales and rentals of mailing lists.

34. The mailing lists that Mason knowingly, deliberately, and with reckless disregard for the PRRPA sold and continues to sell, as well as its practices of selling access to such lists through list rentals in a knowing, and deliberate manner with reckless disregard for the PRRPA,

9

on the open market to anyone interested in purchasing them, constituted "product[s], merchandise, good[s], or service[s]" (and the sales of such things) within the meaning of the PRRPA. *See* 32 L.P.R. § 3151(h).

35. Because the mailing lists that Mason sold and rented (and continues to sell and rent) contained Plaintiff's and the other Class members' names, addresses, and other personally identifying attributes, and identified each such person as having purchased products from one or more of Mason's brands, Mason used Plaintiff's and the Class members' names and other identifying attributes "in connection with" its sales and rentals of such mailing lists. *See* 32 L.P.R. § 3151(h). Accordingly, Mason used Plaintiff's and the other Class members' likenesses for "commercial purposes" or for "trade purposes" within the meaning of the PRRPA. *See id.*

36. As alleged above, Mason failed to obtain the "previous consent" of Plaintiff or any member of the Class prior to using their "likenesses" for "commercial purposes" in the manner alleged herein. *See* 32 L.P.R. § 3152 & 32 L.P.R. § 3151.

37. By and through these actions, Mason knowingly, deliberately, and with reckless disregard for the rights of Plaintiff and the Class members, "use[d] [Plaintiff's and the Class members'] likeness[es] for commercial [or] trade . . . purposes without the previous consent of said person[s]," in direct violation of the PRRPA. *See* 32 L.P.R. § 3152.

38. Mason's nonconsensual use of Plaintiff's and the other Class members' likenesses in connection with the mailing lists that it sells and rents, as alleged herein, did not constitute uses "as part of a news report, political expression, sporting, or artistic event transmission, or presentation with a legitimate public interest, and where said likeness is not used with commercial or publicity purposes." 32 L.P.R. § 3157(a).

39. Mason acted with "[t]otal carelessness or failure to adhere to a minimal standard of care that raises a presumption of indifference to consequences, implying reckless disregard," in the course of using, without consent, Plaintiff's and the other Class members' likenesses in connection with its sales of and practices of renting the subject mailing lists. *See* 32 L.P.R. § 3151(h). Indeed, during the time period relevant to this action, Mason, either directly or through

one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), directed and oversaw the compilation and assembly of the subject mailing lists from its customer database, the use of Plaintiff's and the other Class members' likenesses in connection with such mailing lists, the advertising of such mailing lists and the ability to rent such lists on the open market, and the actual sales and rentals of such mailing lists to various third parties. Plaintiff is informed and believes that Mason reaped significant monetary profits through its sales and rentals of mailing lists on or in which Plaintiff's and the other Class members' names and likenesses appeared.

40. Moreover, Mason had every "reason for knowing or believing that [its] activities," as alleged here, "constituted a violation of the plaintiff's publicity rights," *see* 32 L.P.R. § 3153, because Mason, on information and belief, was aware of the existence of and the rights afforded under Puerto Rico's PRRPA and the various other states' and territories' right of publicity statutes, and understood and appreciated that its conduct, as alleged herein, was and continues to be undertaken in violation of said statutes. Mason has nonetheless refused to cease using its Puerto Rico customers' likenesses for commercial purposes without their consent in the manner described herein.

41. Plaintiff brings this action, individually and on behalf of the Class, "one (1) year following the date on which [she] first became aware or should have gained knowledge of the occurrence of the facts that constitute grounds for [the] cause of action [alleged herein] and serves as the foundation for such action or procedure." 32 L.P.R. § 3156.

42. Plaintiff and the members of the Class have been injured, in Puerto Rico, from the violations of their rights of publicity that they suffered as a result of Mason's nonconsensual use of their names and likenesses in the manner described herein. On behalf of herself and the Class, Plaintiff seeks: (1) statutory damages of $100,000 per violation of the PRRPA determined to be deliberate or due to gross negligence (or of $20,000 per violation of the PRRPA not determined to be deliberate or due to gross negligence), or, alternatively and in the court's discretion, of an amount not less than $750.00 per violation of the PRRPA, for herself and each Class member

pursuant to 32 L.P.R. § 3153; (2) a declaration that Mason's conduct described herein violates the PRRPA pursuant to 32 L.P.R. § 3153; (3) an injunction prohibiting Mason from further using Plaintiff's and the Class members' likenesses on or in the mailing lists that it sells and rents, and requiring Mason to obtain prior consent from Puerto Rico customers prior to doing so in the future, pursuant to 32 L.P.R. § 3153 and 32 L.P.R. § 3152; and (4) costs and reasonable attorneys' fees pursuant to pursuant to 32 L.P.R. § 3153.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant Mason Companies, Inc. as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For a declaration that Mason's conduct described herein violates the PRRPA;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For an injunction prohibiting Mason from further using Plaintiff's and the Class members' likenesses on or in the mailing lists that it sells and rents, and requiring Mason to obtain prior consent from Plaintiff and the Class members prior to doing so in the future, pursuant to 32 L.P.R. § 3153 and 32 L.P.R. § 3152;

E. For an award of statutory damages of $100,000 to Plaintiff and each Class member for each violation of the PRRPA that is determined to be deliberate or due to gross negligence (or of $20,000 for each such violation of the PRRPA not determined to be deliberate or due to gross negligence), or, alternatively and in the court's discretion, of an amount not less than $750.00 per violation of the PRRPA, to Plaintiff and each Class member, pursuant to 32 L.P.R. § 3153;

F. For an order awarding counsel for the Plaintiff and the Class their

reasonable attorneys' fees and expenses and costs of suit pursuant to 32 L.P.R. § 3153; and

  G. For prejudgment interest on all amounts awarded.

## **JURY DEMAND**

Plaintiff, on behalf of herself and all members of the Class, demands a trial by jury on all causes of action and issues so triable.

Dated: November 29, 2021    Respectfully submitted,

              By: /s/ Frank S. Hedin

              Frank S. Hedin
              fhedin@hedinhall.com
              Arun G. Ravindran*
              aravindran@hedinhall.com
              **HEDIN HALL LLP**
              1395 Brickell Avenue, Suite 1140
              Miami, Florida 33131
              Tel: (305) 357-2107
              Fax: (305) 200-8801

              *\* Petition for Admission Forthcoming*

              *Counsel for Plaintiff and the Putative Class*